**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-02076-VAP (DTBx)                         Date: January 27, 2011

Title:   SUSY REYNA, individually and on behalf of all others similarly situated -v- BRITE SMILE, a Florida Corporation; and BSML, Inc., a Florida Corporation
===============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

     Marva Dillard                                                         None Present
     Courtroom Deputy                                                Court Reporter

ATTORNEYS PRESENT FOR                               ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                          DEFENDANTS:

    None                                                                          None

PROCEEDINGS:       ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION (IN CHAMBERS)

     Plaintiff Susy Reyna ("Plaintiff") filed a complaint ("Complaint") on November 6, 2009. (Doc. No. 1.) On April 23, 2010, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of prosecution ("OSC"). (Doc. No. 4.) The Court specified that one of the following actions would be deemed a proper response to the OSC: (1) proof of service of summons and complaint; (2) answer by defendant(s); or (3) Plaintiff's filing of an application to the clerk to enter default judgment or filing of a notice motion for entry of default judgment. (Doc. No. 4 at 1.) On May 20, 2010, Plaintiff filed a proofs of service as to Defendants Brite Smile and BSML Inc. (collectively, "Defendants"). The same day, Plaintiff's counsel Sandra H.

EDCV 09-02076 VAP(DTBx)
SUSY REYNA, et al. v. BRITE SMILE, et al.
MINUTE ORDER of January 28, 2011

Castro also submitted a declaration advising the Court that "BriteSmile, Inc./BSML, Inc. has filed a Chapter 11 bankruptcy action in the Souther District of Florida." (Castro Decl. ¶ 9.) Plaintiff's counsel stated she would direct her office to (1) file a motion to consolidate this case with the bankruptcy action; and (2) file a request for entry of default in this action. (Castro Decl. ¶¶ 12-13.) More than eight months later, Plaintiff has not filed a motion to consolidate nor a request for entry of default.

The Court accordingly orders Plaintiff to show cause, in writing, no later than February 9, 2011, why this case should not be dismissed for failure to prosecute. Plaintiff may respond to this Order by filing a request for the Clerk to enter default no later than February 9, 2011.

**IT IS SO ORDERED.**